

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Weaver Moore, Chairman
Committee on State Affairs
The Senate
Austin, Texas

Dear Sir:

Opinion No. O-3535
Re: Constitutionality of S. B.
399, exempting religious
book stores from the tax
imposed by Ch. 400, p. 1569,
H. B. 18, G. & S. Laws,
1st C. S., 44th Leg., 1935.

We are in receipt of your letter of March 26, 1941, in which you request the opinion of this Department as to the constitutionality of Senate Bill No. 399 now pending in your committee.

Senate Bill No. 399 is an amendment to Section 5 of House Bill No. 18, Acts of the Forty-fourth Legislature, First Called Session, 1935. Said Section now reads as follows:

"Sec. 5. Every person, agent, receiver, trustee, firm, corporation, association or copartnership opening, establishing, operating or maintaining one or more stores or mercantile establishments within this State, under the same general management, or ownership, shall pay the license fees hereinafter prescribed for the privilege of opening, establishing, operating or maintaining such stores or mercantile establishments. The license fee herein prescribed shall be paid annually and shall be in addition to the filing fee prescribed in Sections 2 and 4 of this Act. Provided that the terms, 'store, stores, mercantile establishment or mercantile establishments' wherever used in this act shall not include: wholesale and/or retail lumber and building material

Hon. Weaver Moore, page 2

businesses engaged exclusively in the sale of lumber and building material; and/or oil and gas well supplies and equipment dealers; or any place of business engaged exclusively in the storing, selling, or distributing of petroleum products and servicing of motor vehicles; or any business now paying an occupation tax measured by gross receipts; or any place or places of business used as bona fide wholesale or retail distributing points by manufacturing concerns for distribution of products of their own manufacture only; or any place or places of business used by bona fide processors of dairy products for the exclusive sale at retail of such products.

"The license fees herein prescribed shall be as follows:

"1. Upon one (1) store the license fee shall be One Dollar ($1);

"2. Upon each additional store in excess of one (1) but not to exceed two (2), the license fee shall be Six Dollars ($6);

"3. Upon each additional store in excess of two (2) but not to exceed five (5), the license fee shall be Twenty-five Dollars ($25);

"4. Upon each additional store in excess of five (5) but not to exceed ten (10) the license fee shall be Fifty Dollars ($50);

"5. Upon each additional store in excess of ten (10) but not to exceed twenty (20), the license fee shall be One Hundred Fifty Dollars ($150);

"6. Upon each additional store in excess of twenty (20) but not to exceed thirty-five (35), the license fee shall be Two Hundred Fifty Dollars ($250);

"7. Upon each additional store in excess of thirty-five (35) but not to exceed fifty (50), the license fee shall be Five Hundred Dollars ($500);

"8. Upon each additional store in excess of fifty (50), the license fee shall be Seven Hundred Fifty Dollars ($750);

Hon. Weaver Moore, page 3

"Such fees are for the period of twelve (12)
months, and upon the issuance of any license after
the first day of January of any one year, there
shall be collected such fractional part of the lic-
ense hereinabove fixed as the remaining months in
the calendar year (including the month in which such
license is issued) bears to the twelve-month period."

The proposed Bill re-enacts Section 5 as above quoted
in its entirety but includes at the end of the first para-
graph after the word "products" the following provision:

". . .or any place or places of business
commonly known as Religious Book Stores, operated
for the purposes of selling Religious Publications
of any nature, including Bibles, Song Books, Books
upon Religious Subjects, Church Offering Envelopes,
Church, Sunday-school and Training Union Supplies."

In other words, Senate Bill No. 399 proposes to include
Religious Book Stores within the classifications to which
"the terms, 'store, stores, mercantile establishment or
mercantile establishments' wherever used in this Act" do not
apply. It is the settled law of this State that the classi-
fications set out in Section 5, supra, which are not "stores"
are in fact exemptions from the Store Tax Law. See Hurt v.
Cooper, 110 S. W. (2d) 896, Supreme Court of Texas, and
Standard Oil Co. of Texas v. State, 142 S. W. (2d) 519, Court
of Civil Appeals of Texas at Eastland, writ of error refused
by the Supreme Court of Texas.

Apparently the only constitutional question that could
be raised is whether or not the proposed bill violates Sec-
tion 2 of Article 8 of the Constitution of Texas which reads
in part as follows:

"All occupation taxes shall be equal and uniform
upon the same class of subjects within the limits of
the authority levying the tax; . . ."

It is our opinion, however, that this question has undoubtedly
been decided by the decision of the Supreme Court of Texas in

Hon. Weaver Moore, page 4

the case of Hurt v. Cooper, supra. In that case the contention was made that the tax act in question was unconstitutional because of the exemption contained in Section 5, supra. The court quoted from the opinion of the Supreme Court of Texas in the case of Texas Company v. Stephens, 100 Tex. 628, 103 S. W. 481, as follows:

". . .'The very language of the Constitution of the state implies power in the Legislature to classify the subjects of occupation taxes and only requires that the tax shall be equal and uniform upon the same class. Persons who, in the most general sense, may be regarded as pursuing the same occupation, as, for instance, merchants, may thus be divided into classes, and the classes may be taxed in different amounts and according to different standards. Merchants may be divided into wholesalers and retailers, and, if there be reasonable grounds, these may be further divided according to the particular classes of business in which they may engage. The considerations upon which such classifications shall be based' are primarily within the discretion of the Legislature. The courts, under the provisions relied on, can only interfere when it is made clearly to appear that an attempted classification has no reasonable basis in the nature of the businesses classified, and that the law operates unequally upon subjects between which there is no real difference to justify the separate treatment of them undertaken by the Legislature. This is the rule in applying both the state and federal Constitutions, and it has been so often stated as to render unnecessary further discussion of it.' "

The Supreme Court in the Hurt v. Cooper case stated that the Legislature could exempt certain types of business which were selling commodities different from those sold at places of business subject to the tax. The court stated as follows:

"It would not be argued that the Legislature is without power to levy a tax upon dry goods merchants without at the same time levying a like tax upon grocery merchants. The fact that the merchants not

Hon. Weaver Moore, page 5

taxed, or those exempted from the tax, sell a different kind of goods from those which are taxed, is an all-sufficient justification of the classification or exemption. This is well established."

"The contentions with reference to most of the so-called exemptions may be disposed of by the mere statement that the kinds of goods sold by the exempted stores are different from those sold by the taxed stores. . ."

We believe that the decision of the court as to the various classifications in Section 5, supra, would apply to the proposed additional classification of "Religious Book Stores." It is our opinion, therefore, that Senate Bill No. 399 is constitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

APPROVED APR 2, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BG:N



APPROVED
OPINION
COMMITTEE
BY BLOT
CHAIRMAN